IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALBERTO C. MAGALLANES, | ) | |
| | ) | |
| Petitioner, | ) | 8:17CV259 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT MADSEN, Nebraska State | ) | MEMORANDUM |
| Penitentiary Warden, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

Petitioner (Magallanes) has filed a petition for writ of habeas corpus challenging his conviction. Respondent has filed an answer, the relevant state court records, and a brief. Petitioner has filed his brief. Respondent has submitted a reply brief.

I now deny the petition with prejudice as all of the claims are procedurally defaulted. Alternatively, and separately, I also deny the ineffective assistance of counsel claim after giving the Nebraska Court of Appeals the deference it is due.

### *Preface*

This is an odd case but not a particularly difficult one. However, due to its oddity, it is first helpful to understand the essence of what Petitioner complains about. Petitioner was charged in federal court with federal drug crimes, but that case was dismissed on motion of the government before trial. Petitioner ultimately got convicted in state court on similar crimes.

In 2009, a trooper pulled Petitioner over in a traffic stop on I-80 because Petitioner crossed onto the shoulder or what is otherwise known as the fog line. He

did so twice, albeit for only a few seconds. The trooper thought this behavior gave him probable cause for a traffic stop under Neb. Rev. Stat. § 60-6,142 (West) because that statute plainly provides that "[n]o person shall drive on the shoulders of highways" with certain exceptions that were obviously not applicable to Petitioner.

A motion to suppress was filed. Based upon the recommendation of Magistrate Judge Thalken, Judge Bataillon, my colleague, suppressed the evidence that was seized after the Petitioner gave consent to search the car following the traffic stop. The judge believed that "it is readily apparent that the purpose of Neb. Rev. Stat. § 60-6,142 is to prevent drivers from using the shoulder as a thoroughfare or primary travel area." *United States v. Magallanes*, 8:10CR107 (D. Neb. August 3, 2010). According to the judge, since Petitioner was not using the shoulder as a thoroughfare or primary travel area, the trooper lacked probable cause to make the stop.

Having lost the suppression issue, but prior to trial, the government then moved and on September 22, 2010, was granted leave to dismiss the case under Federal Rule of Criminal Procedure 48(a).[1] Nebraska then decided to prosecute, and Petitioner was ultimately convicted. The prosecutors in these two cases were different–Mr. Sigler, an Assistant United States Attorney, prosecuted the federal case and Mr. Thompson, a Deputy Douglas County Attorney, prosecuted the state case.

As it turns out, our judges' reading of Neb. Rev. Stat. § 60-6,142 was incorrect. On August 30, 2012, Judge Bataillon acknowledged as much in *United States v. Rodriguez*, No. 8:12CR170, 2012 WL 5458427, at *1 & n. 2 (D. Neb. Aug. 30, 2012),

---

[1] "As a general rule, a dismissal with leave of court is considered to be without prejudice. Indeed, [Rule] 48(a) has been regularly interpreted to mean that a dismissal of an indictment at the request of the government prior to trial does not bar subsequent prosecution for criminal acts described in that indictment." *DeMarrias v. United States*, 487 F.2d 19, 21 (8th Cir. 1973).

*aff'd*, 741 F.3d 905 (8th Cir. 2014), *vacated and remanded on other grounds*, and *aff'd*, 799 F.3d 1222 (8th Cir. 2015).

And, shortly thereafter, on December 21, 2012, the Nebraska Supreme Court in Petitioner's direct appeal definitively construed Nebraska law and made it clear that the trooper had probable cause because " [b]y applying the plain and ordinary meaning of the words in the statute, *any* crossing of the fog line onto the shoulder constitutes driving on the shoulder and is a violation of § 60-6,142." *[State v. Magallanes,](https://www.google.com/search?q=State+v.+Magallanes+824+N.W.2d+696)* [824 N.W.2d 696, 701 (Neb. 2012)](https://www.google.com/search?q=State+v.+Magallanes+824+N.W.2d+696) (affirming denial of suppression) (italics added).

Petitioner, having momentarily won the suppression battle in our court, is upset that he lost the suppression war in the Nebraska courts. And, now, I turn to the guts of this case.

### *Claims*

I condensed and summarized Petitioner's claims in my progression order:

**Claim One**: The prosecution in state court followed the dismissal of a similar prosecution in this federal court (8:10-cr-00107) where this court suppressed evidence eventually resulting in a voluntary dismissal by the United States under Federal Rule of Criminal Procedure 48(a) and therefore the subsequent prosecution in the state court violated the Constitution, for among other reasons, because it (a) placed Petitioner in jeopardy twice and (b) denied Petitioner due process of law. *Cf. Chavez v. Weber*, 497 F.3d 796 (8th Cir. 2007).

**Claim Two**: Trial and appellate counsel were both ineffective for failing to assert objections to the state prosecution on the basis of the arguments advanced in Claim One.

**Claim Three**: Neb. Rev. Stat. § 60-6,142 (West) (driving on highway shoulders prohibited), the basis for the traffic stop, is unconstitutionally vague and overbroad and thus the prosecution predicated upon evidence derived from the traffic stop violated the Constitution, for among other reasons, because it: (a) denied petitioner due process of law; and (b) denied Petitioner the right to be free from unreasonable search and seizure.

(Filing No. 8.[2])

## *Background*

In 2009, Petitioner was pulled over on Interstate 80 for driving on the shoulder of the road, in violation of Neb. Rev. Stat. § 60-6,142, after which he consented to a search of his vehicle and several packages of cocaine and methamphetamine were found in his vehicle. (Filing No. 17-1 at CM/ECF pp. 3-4; Filing No. 17-15 at CM/ECF pp. 2-3.) Charges were initially filed against Petitioner in state court, but those charges were later dismissed without prejudice and an indictment was filed in federal court. (Filing No. 17-15 at CM/ECF pp. 2-3.)

Our court ruled that the stop of Petitioner's vehicle was unlawful, after which the original charges were filed again in state court. (*Id*.) Petitioner filed a series of motions to suppress, which were denied, and then a bench trial took place and he was found guilty of possession with intent to deliver over 140 grams of methamphetamine, possession with intent to deliver over 140 grams of cocaine, and two counts of failing to affix a drug tax stamp. (*Id*.) He was sentenced to 20 to 40 years in prison for each drug charge and one to two years for each tax stamp conviction, all sentences to run concurrently. (*Id*.)

---

[2] Petitioner did not object to my summary and condensation.

Petitioner filed a direct appeal with assistance of the same counsel and assigned two errors on appeal, both of which alleged that the district court erred by denying his motion to suppress. (*See* Filing No. 17-1 at CM/ECF pp. 4-5.) Specifically, he alleged that the trooper lacked probable cause and that accordingly, despite the consent to search, the drugs should have been suppressed as fruit of the poisonous tree. (*Id*.) The Nebraska Supreme Court rejected Petitioner's claims on direct appeal but found as a matter of plain error that the evidence was insufficient to support the two convictions for failure to affix a drug tax stamp, so the Court vacated those two convictions but otherwise affirmed the district court's judgment and sentence. (*Id*. at CM/ECF pp. 5-7.) Petitioner filed a petition for a writ of certiorari with the U.S. Supreme Court, which was denied. (Filing No. 17-3.)

In 2013, Petitioner filed a Verified Motion for Postconviction Relief, along with a motion for leave to amend his motion. (Filing No. 17-8 at CM/ECF pp. 1-5.) The district court denied Petitioner's post-conviction motion without ruling on the motion to amend, after which he appealed and the Nebraska Court of Appeals reversed with instructions to grant Petitioner's motion to amend. (*Id*.)

After the matter was reversed, Petitioner filed an amended post-conviction motion as well as a motion for leave to add supplemental claims. (Filing No. 17-17 at CM/ECF pp. 4-24, 31-42.) Between his two motions, Petitioner alleged the following eight claims:

> 1. The trial court erred by not taking judicial notice of the federal district court's prior adjudication of his suppression motion while addressing his suppression motion in state court.

> 2. The trial court erred by rehearing and reweighing the evidence adduced at the suppression hearing in state court rather than deferring to the federal court's prior adjudication of his suppression motion.

3. The trial court erred by denying his motion for mistrial without reaching the merits of the motion or allowing Magallanes to introduce evidence in support of the motion for mistrial.

4. Trial counsel was ineffective during his suppression hearing in state court for not asking the district court to take judicial notice of the federal court's prior adjudication of his suppression motion and for not objecting when the state court indicated that it would not be taking judicial notice of the federal court's decision.

5. Appellate counsel was ineffective on direct appeal in state court for not assigning error with respect to the trial court's reweighing of the evidence regarding his suppression motion in state court rather than deferring to the federal court's adjudication of his suppression motion.

6. His convictions and sentences are void because the statute that led to the traffic stop in this case, Neb. Rev. Stat. § 60-6,142, is unconstitutionally overbroad.

7. His convictions and sentences are void because the statute that led to the traffic stop in this case, Neb. Rev. Stat. § 60-6,142, is unconstitutionally vague.

8. His convictions and sentences are void because the alternative basis for the traffic stop in this case (i.e., to check for potential impairment) was also invalid and unconstitutional.

(*Id.*)

The district court denied all eight of the claims without an evidentiary hearing. (*Id*. at CM/ECF pp. 43-46.)

Petitioner appealed, and on February 14, 2017, the Nebraska Court of Appeals affirmed the district court's judgment. (Filing No. 17-15.) The Court of Appeals concluded that Petitioner's state post-conviction claims 1-3 and 6-8 (recited above) were procedurally barred because those claims could have been litigated on direct appeal.

To the extent that Petitioner alleged that counsel was ineffective at trial and on appeal (state post-conviction claims 4 and 5 recited above) regarding the significance of the federal court's prior decision, no prejudice had been or could be shown since a state court is the final authority for determining what state criminal statutes mean. (Filing No. 17-15 at CM/ECF pp. 6-8 citing and quoting, among others, *Foucha v. Louisiana*, 504 U.S. 71 (1992) ("the definition of both crimes and defenses is a matter of state law"); *Mullaney v. Wilbur*, 421 U.S. 684 (1975) ("state courts are the ultimate expositors of state law").)

On March 20, 2017, thirty-four days after the Court of Appeals issued its decision, Petitioner filed a petition for further review with the Nebraska Supreme Court, which reasserted that he was entitled to relief on his amended post-conviction claims. (Filing No. 17-21 at CM/ECF pp. 1-12.) That petition purports to have been mailed on March 14, 2017. The petition for further review was denied as untimely following the Nebraska Supreme Court's consistently applied strict enforcement of the time requirement for *filing* petitions for further review. (Filing No. 17-16 at CM/ECF p.3.) This habeas corpus action was commenced on July 14, 2017.

## *Exhaustion and Procedural Default*

As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A state prisoner must therefore present the substance of each federal constitutional claim to the state courts *before* seeking federal habeas corpus relief.

In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

"In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation marks omitted). Although the language need not be identical, "[p]resenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999). In contrast, "[a] claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." *Wemark v. Iowa*, 322 F.3d 1018, 1021 (8th Cir. 2003) (citation omitted).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

To be precise, a federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the

9

default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### *Nebraska Law Relevant to Procedural Default*

Under Nebraska law, you don't get two bites of the post-conviction apple; that is, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003).

Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). *See also State v. Thorpe*, 858 N.W.2d 880, 887 (Neb. 2015) ("A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased."). However, if trial counsel and direct appeal counsel are the same, claims of ineffective assistance of counsel may be raised in a state post-conviction action.

Moreover, a petitioner has 30 days from the date of the release of the opinion of the Court of Appeal *within* which to petition the Nebraska Supreme Court for further review. *See Marshall v. Marshall*, 902 N.W.2d 223, 234 (Neb. 2017) ("Neb. Ct. R. App. P. § 2-102(F)(1) (rev. 2015) requires that a petition for further review and memorandum brief 'must be filed *within* 30 days after the release of the opinion of the Court of Appeals or the entry of the order of the Court of Appeals finally disposing of the appeal, whichever occurs later.'") (emphasis added); *see also Ackerman v. Neb. Dept. of Corrections Appeals Bd.*, 593 N.W.2d 728 (Neb. 1999) (petition dismissed because petition for further review was untimely).

10

Still further, the prison delivery rule does not apply in Nebraska. *See State v. Smith*, 834 N.W.2d 799, 802 (Neb. 2013) ("We continue to hold that the prison delivery rule does not apply in Nebraska.") *See also Martinez v. Frakes*, 8:17CV406, 2018 WL 2050569 (D. Neb. 2018) (holding that procedural default occurred when request for extension of time to file petition for further review was untimely filed despite the fact that it was mailed within the time limit).

### *The Especially Deferential Strickland Standard*

When a petitioner asserts an ineffective assistance of counsel claim, the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668 (1984), must be applied. The standard is very hard for offenders to satisfy.

*Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687. The first prong of the *Strickland* test requires that the petitioner demonstrate that his attorney failed to provide reasonably effective assistance. *Id.* at 687-88. In conducting such a review, the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

The second prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" in a later habeas corpus action. *Id.* at 690.

Additionally, the Supreme Court has emphasized that the deference due the state courts applies with special vigor to decisions involving ineffective assistance
11

of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111 (2009). In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and "leeway," which presents a "substantially higher threshold" for a federal habeas petitioner to overcome. As stated in *Knowles*:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Id.* at 123 (internal quotation marks and citations omitted).

*Strickland* applies equally to appellate counsel, and appellate counsel is entitled to the "benefit of the doubt." *Woods v. Etherton*, 136 S. Ct. 1149, 1153 (2016) (a "fairminded jurist" could have concluded that repetition of anonymous tip in state-court cocaine-possession trial did not establish that the uncontested facts it conveyed were submitted for their truth, in violation of the Confrontation Clause, or that petitioner was prejudiced by its admission into evidence, precluding federal habeas relief under Antiterrorism and Effective Death Penalty Act (AEDPA); Petitioner could not establish that Petitioner's appellate counsel was ineffective, as appellate counsel was entitled to the "benefit of the doubt").

### *Discussion*

None of the claims presented in this federal habeas corpus matter were ever fairly and timely presented to the Nebraska courts and therefore they are procedurally defaulted. More specifically, each claim asserted here (a) was untimely and procedurally barred under state law because it was not presented on direct appeal or (b) was not presented at all or (c) relied upon entirely different underlying legal

theories. Moreover, to the extent that one might argue (improbably) that somehow the three claims presented here were presented to the Nebraska Court of Appeals in the post-conviction litigation, since the petition for further review before the Nebraska Supreme Court was denied as untimely, Nebraska has not been provided with "one complete round" of review. For that additional reason, each of the three claims are defaulted.

Moreover, I can find no cause—that is, no cognizable external impediment—to excuse the default. Still further, there is no reason to believe there was a miscarriage of justice or that Petitioner was factually innocent such that the procedural default might be excused.

Still further, even if I were to consider the ineffective assistance of counsel claim—disregarding the fact that the underlying legal theories for why counsel was ineffective are entirely different from those presented to the Nebraska Court of Appeals—giving the Nebraska court the deference that it is due, Petitioner is not entitled to relief. As the Nebraska Court of Appeals recognized, the simple fact of the matter is that it is Nebraska that determines the meaning of Nebraska law and thus an erroneous ruling by this court has no legal significance when gauging counsel's performance.

More specifically, and as for trial counsel's actions, the Nebraska Court of Appeals held that Petitioner could not show a reasonable probability that the result of the proceeding would have been different if trial counsel had argued something else about the federal court decision or had taken some other action in state court regarding the erroneous federal decision. (Filing No. 17-15 at CM/ECF pp. 7-8.) The court arrived at the same conclusion regarding the actions of counsel on direct appeal. (*Id*. at CM/ECF p. 8.) In short, the ineffective assistance of counsel claim asserted here or in the state courts is entirely lacking in merit.

13

I next provide a passing observation. As I noted earlier, the essence of Petitioner's gripe is that he won the suppression battle in federal court but lost the suppression war in the state courts. Basically, this is a collateral estoppel argument dressed up in due process garb. The Eighth Circuit Court of Appeals, however, has specifically rejected this exact type of due process complaint. *Chavez v. Weber*, 497 F.3d 796, 803-05 (8th Cir. 2007) (Federal and state officials involved in defendant's consecutive federal and state prosecutions were not in privity, and ruling in federal prosecution that evidence obtained through search of defendant's vehicle was inadmissible did not preclude, under doctrine of collateral estoppel, the admission of the same evidence in subsequent state prosecution on the same charges, and thus state court's denial of suppression motion did not violate defendant's right to due process even though state police officer testified at both suppression hearings).[3]

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the habeas corpus petition (filing no. 1) is denied and dismissed with prejudice. No certificate of appealability has been or will be issued. Judgment will be issued by separate document.

---

[3] Nor is there the slightest reason to be concerned about the Double Jeopardy Clause. *See, e.g.*, *United States v. Johnson*, 169 F.3d 1092, 1095 (8th Cir. 1999). Specifically, jeopardy did not attach in the federal prosecution because the federal case was dismissed before trial. Moreover, two different prosecutors, representing two different sovereigns (federal and state), prosecuted the two different cases.

DATED this 15th day of May, 2018.

BY THE COURT:

*s/Richard G. Kopf*
Senior United States District Court Judge